UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BOUTTE,

    Plaintiff,

    v.

THE SAN FRANCISCO SPCA
ANIMAL HOSPITAL,

    Defendant.
_____/

No. C 07-5661 PJH

**ORDER OF DISMISSAL**

Plaintiff John Boutte filed this action on November 7, 2007, and also requested leave to proceed in forma pauperis ("IFP"). The court finds that the complaint must be dismissed under 28 U.S.C. § 1915 (e) for failure to state a claim.

**BACKGROUND**

Plaintiff filed this action against defendant San Francisco SPCA Animal Hospital ("SF-SPCA"). Plaintiff alleges that he owed money to SF-SPCA for his dog's surgery; that the agreed-upon charge was $2,000.00; that SF-SPCA later gave him a bill for $4,000.00; and that SF-SPCA "then proceeded to take money out of" his bank account without his authorization. Plaintiff alleges a claim of deprivation of constitutional rights under 42 U.S.C. § 1983, and a claim under 18 U.S.C. § 1964(a).

**DISCUSSION**

A.    Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint

is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law. Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989). A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim. Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.   Analysis

The court finds that the complaint must be dismissed because neither cause of action asserted by plaintiff states a claim. Title 42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245 (9th Cir. 1987).

While plaintiff's claim could arguably be construed as one alleging deprivation of property without due process, it nonetheless fails because plaintiff does not bring the claim against a state actor. A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed

with the authority of state law." West, 487 U.S. at 49 (citation and internal quotation marks omitted). Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997); Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 479 (9th Cir. 1991).

However, a private individual generally does not act under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under § 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 559 (9th Cir. 1974). Put another way, there is no right to be free from the infliction of constitutional deprivations by private individuals. Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Actions taken by private individuals or organizations may be under color of state law

> if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity. . . . [N]o one fact can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient, for there may be some countervailing reason against attributing activity to the government.

Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001) (internal quotation marks omitted).

Here, plaintiff alleges his claims against SPCA-SF, a private actor. He does not allege facts showing any close nexus between a state actor and SPCA-SF. In particular, he does not allege that the action about which he complains resulted from the exercise of coercive power by the City and County of San Francisco; that the City and County provided significant encouragement for the activity; or that SPCA-SF operated as a willful participant in joint activity with the City and County. See id. at 296. Accordingly, the § 1983 claim must be dismissed.

The dismissal of the § 1983 claim is with leave to amend. In order to survive dismissal of the action, plaintiff must amend the complaint to allege facts showing a close nexus between SPCA-SF and the City and County of San Francisco or another state actor.

With regard to the second cause of action, the court finds that plaintiff also fails to state a claim under the Racketeer and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). Under 18 U.S.C. § 1964(a), "[t]he district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders." Section 1962, in turn, lists activities that are prohibited under RICO. Plaintiff, however, fails to specify which provision of § 1962 was violated by SPCA-SF.

In general, RICO makes it criminal to conduct an enterprise's affairs or obtain benefits through a pattern of "racketeering activity," which is defined as behavior that violates specific federal statutes or state laws that address specified topics and bear specified penalties. Rotella v. Wood, 528 U.S. 549, 552 (2000). Section 1961 sets forth the specific "predicate acts" that may constitute "racketeering activity" for a RICO violation. 18 U.S.C. § 1961(1).

A "pattern" of racketeering activity requires "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Predicate acts extending over a few weeks or months and threatening no future criminal activity do not demonstrate a pattern of racketeering activity. River City Markets, Inc. v. Fleming Foods West, Inc., 960 F.2d 1458, 1464 (9th Cir.1992) (citing H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)).

The Act includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit. Rotella, 528 U.S. at 552 (quoting 18 U.S.C. § 1964(c)). Thus, in order to state a claim under RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. See 18 U.S.C. §§ 1961-68, 2314, 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-97 (1985). The compensable harm that must be alleged is "the harm caused by predicate acts sufficiently related to constitute a pattern." Sedima, 473 U.S. at 497. The plaintiff must allege injury to his property or injury to a business or property interest of legal value to plaintiff under state law. Diaz v. Gates, 420 F.3d 897, 899 (9th Cir.2005).

4

In the present case, the plaintiff pleads facts which, if true, establish a single act by one defendant (the alleged unauthorized removal of money from plaintiff's bank account). Plaintiff alleges no act that qualifies as a predicate act under 18 U.S.C. § 1961. Moreover, plaintiff has not alleged facts demonstrating that multiple defendants participated in a criminal enterprise, that two or more predicate acts occurred, or that he suffered harm compensable under RICO. Accordingly, the court finds that plaintiff's RICO claim fails to state a claim upon which relief may be granted, and finds further that the claim suffers from multiple defects that cannot be cured by amendment.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED. The request for leave to proceed IFP is DENIED.

The RICO claim is dismissed WITH PREJUDICE. The § 1983 claim is dismissed WITH LEAVE TO AMEND. Any amended complaint must be filed no later than February 15, 2008.

The court cautions plaintiff that if he fails to state a claim as to the § 1983 cause of action, the court will dismiss the action, regardless of the inclusion of any purely state-law claims in the amended complaint. In addition, if plaintiff fails to file an amended complaint by the February 15th deadline, the action will be dismissed.

**IT IS SO ORDERED.**

Dated: January 23, 2008

PHYLLIS J. HAMILTON
United States District Judge

5